```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

BARBARA HAMBLEN and HERBERT
HAMBLEN,

    Plaintiffs,

v.                              Case No.: 8:17-cv-1613-T-33TGW

DAVOL, INC. and C.R. BARD,
INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Barbara Hamblen and Herbert Hamblen's Motion to Strike Defendants' Affirmative Defenses (Doc. # 32), filed on January 19, 2018. Defendants Davol, Inc. and C.R. Bard, Inc. responded on February 2, 208. (Doc. # 37). For the reasons that follow, the Motion is denied.

**I.    Background**

On December 14, 2005, Barbara Hamblen was implanted with Defendants' hernia repair patch. (Doc. # 15 at ¶ 42). Ms. Hamblen claims the patch was defective and caused her various injuries, including "years of severe abdominal pain." (Id. at ¶ 67). Ms. Hamblen underwent an operation on July 10, 2013, to remove the patch. (Id. at ¶ 68). Ms. Hamblen, together

1

with her husband, Herbert, initiated this personal injury action on July 3, 2017. (Doc. # 1). The Hamblens filed an Amended Complaint on September 26, 2017, asserting the following claims: negligence (count 1); strict liability (count 2); failure to warn (count 3); negligent misrepresentation (count 4); fraud (count 5); and loss of consortium (count 6). (Doc. # 15). The Amended Complaint, spanning 46 pages, is set forth in exacting detail. It describes with particularity the alleged defects in the patch (such as plastic ring breaking, mesh migration, mesh oxidation, improper welding, and inadequate instructions for use), as well as FDA activity, such as product recalls applicable to the patch.

Defendants filed an Answer and Defenses to the Amended Complaint on December 28, 2017 (Doc. # 27), and then on January 18, 2018, filed an Amended Answer and Defenses to the Amended Complaint. (Doc. # 31). The defenses asserted follow: the Amended Complaint fails to state a claim (Defense 1); the doctrines stated in Restatement (Second) of Torts § 402(a), Comment K, bar the claims (Defense 2); the doctrines stated in Restatement (Third) of Torts, Product Liability §§ 4, 6 bar the claims (Defense 3); comparative negligence (Defense 4); spoliation of evidence and failure to preserve evidence

(Defense 5); assumption of risk (Defense 6); the benefits of the product outweigh the risks (Defense 7); the learned intermediary doctrine (Defense 8); the product was designed, manufactured, marketed and labeled in accordance with state of the art knowledge (Defense 9); Plaintiffs' injuries were caused by independent, intervening causes, such as diseases and other causes (Defense 10); Plaintiffs' injuries were caused by Barbara Hamblen's own idiosyncratic reactions (Defense 11); failure to mitigate damages (Defense 12); contribution, indemnity, or similar doctrines (Defense 13); Defendants are entitled to a credit to the extent Plaintiffs have made a money settlement with any other entity (Defense 14); Plaintiffs' damages were caused by misuse or abnormal use of the product or failure to follow instructions (Defense 15); Plaintiffs' claims are preempted by applicable federal law (Defense 16); fraudulent joinder and misjoinder of parties and/or claims (Defense 17); statutes of limitations, statutes of repose, estoppel, waiver, and laches (Defense 18); the product complied with government safety standards (Defense 19); to the extent the product was altered after it left the manufacturers' control, such alteration was the legal cause of Plaintiffs' injuries (Defense 20); Plaintiffs' damages are barred by the written and express limitation on

remedies (Defense 21); abstention doctrine "in that common law gives defense to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act" (Defense 22); failure to exhaust administrative remedies (Defense 23); providing for liability without proof of causation violates the Federal and the State Constitution (Defense 24); punitive damages are unconstitutional (Defense 25); punitive damages based on anything less than clear and convincing evidence violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution (Defense 26); no act or omission of Defendants was malicious, willful, wanton, reckless, grossly negligent and therefore punitive damages are barred (Defense 27); and Plaintiffs fail to allege facts or state a cause of action against Defendants sufficient to support a claim for attorneys' fees and costs (Defense 28).

The Hamblens seek an Order striking each of Defendants 28 defenses. The Motion to Strike is ripe for review and is denied consistent with the following.

## II. <u>Analysis</u>

Plaintiffs argue that each and every one of the 28 defenses should be stricken because such defenses are "comprise[d] of no more than bare bones conclusory

4

allegations." (Doc. # 32 at 3). Without elaborating on the elements of any asserted defense and without making specific arguments about why any defense is inapplicable to the facts presented, Plaintiffs seek an order striking the defenses because they are "boilerplate." (Id. at 7).

As an example, Plaintiffs argue that Defendants' sixth defense, concerning assumption of risk, "should be stricken as Legally Insufficient and Invalid as a Matter of Law" because "Defendants have not set forth a short and plain statement of the affirmative defense and sufficient facts to support it. This defense is nothing more than a bare bones conclusory allegation and should be stricken." (Doc. # 32 at 11)(citations omitted). The Court agrees with Plaintiffs that Defendants have merely listed the defenses without accompanying factual allegations in support of those defenses. However, that is precisely what the Federal Rules of Civil Procedure require, and the Court does not hold defenses to the same standard as the claims set forth in a complaint.

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-T-33EAJ, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A)

5

requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). District courts in this Circuit are divided as to whether the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), apply to affirmative defenses, and the Eleventh Circuit has not spoken on the issue. See Moore v. R. Craig Hemphill & Assocs., No. 3:13-cv-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014)(discussing the disagreement between district courts in this Circuit and describing the application of the Twombly standard to affirmative defenses as the "minority approach").

"Cases holding that the heightened standard of pleading does not apply to affirmative defenses note the difference between Rule 8(a), which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses." Gonzalez v. Midland Credit Mgmt., Inc., No. 6:13-cv-1576-Orl-37, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013). "While Rule 8(a)(2) requires a pleading stating a claim for relief to include 'a short and plain statement of the claim *showing* that the pleader is entitled to relief,' Rules 8(b) and 8(c) only require parties to *state* their defenses." Id. But Twombly and Iqbal only

addressed the language of Rule 8(a), and "the Supreme Court has not extended the Twombly and Iqbal standard to affirmative defenses." Id.

Therefore, "this Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-T-30MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015). The Court does not hold defenses to the strictures of Twombly and Plaintiffs' arguments based upon Twombly and its progeny are roundly rejected. In taking this stance, the Court finds itself in the majority position of federal courts on the issue. And this determination is consistent with numerous opinions issued by district courts within the Middle District of Florida. See, e.g., Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at 2-3 (M.D. Fla. July 21, 2011); Blanc v. Safetouch, Inc., No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008); Jirau v. Camden Dev., Inc., No. 8:11-cv-73-T-33MAP, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011); Lawton-Davis v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 19, 2015)(collecting

cases holding that Twombly and Iqbal do not apply to defenses).

Affirmative defenses challenged by a motion to strike are also evaluated against the touchstone of Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997).

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D.

Fla. 1995)(citation omitted). Plaintiffs have not demonstrated any reason why the Court should strike any defense under Rule 12(f) as redundant, immaterial, impertinent, or scandalous. Nor have Plaintiffs shown any defense to be frivolous or invalid as a matter of law. The Motion to Strike is therefore denied.

The Court also notes that any defenses that are not true affirmative defenses and are, instead, mere denials are not subject to being stricken. These denials put Plaintiffs on notice of the issues that Defendants intent to pursue as the case moves forward. See Dunning v. Tang Thuyen, No. 8:11-cv-2340-T-33TGW, 2012 WL 882549, at *2 (M.D. Fla. Mar. 15, 2012)("To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." (citation omitted)). The Court agrees with Defendants and declines to strike any defenses on the basis that they are not true defenses. See Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1998)("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional

9

issue that may be raised at trial so that he or she is prepared to properly litigate it.").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiffs Barbara Hamblen and Herbert Hamblen's Motion to Strike Defendants' Affirmative Defenses (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of March, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE